# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| _____ | : | |
| **JOHN L. BEISWENGER** | : | |
| **Plaintiff,** | : | **COMPLAINT FOR** |
| | : | **COPYRIGHT INFRINGEMENT** |
| **v.** | : | |
| | : | |
| **UBISOFT ENTERTAINMENT,** | : | **Case No:** |
| **UBISOFT ENTERTAINMENT** | : | **Judge:** |
| **INC. aka UBISOFT CANADA** | : | |
| **INC., UBISOFT, INC., UBISOFT** | : | |
| **ENTERTAINMENT LIMITED,** | : | |
| **UBISOFT LIMITED, and** | : | |
| **GAMETRAILERS, CORP.** | : | **[JURY TRIAL DEMANDED]** |
| **Defendants** | : | |
| _____ | : | |

Plaintiff John L. Beiswenger ("Plaintiff"), by and through his attorneys,

Kelley Clements Keller, Esq. and Meghann L. Garrett, Esq. of The Keller Law

Firm, LLC, for his complaint against Defendants Ubisoft Entertainment, Ubisoft

Entertainment Inc. aka Ubisoft Canada Inc., Ubisoft, Inc., Ubisoft Entertainment

Limited, Ubisoft Limited, (collectively "Defendants Ubisoft") and Defendant

Gametrailers, Corp. ("Defendant Gametrailers"), state and allege as follows:

## PARTIES

1.     Plaintiff John L. Beiswenger ("Plaintiff") is an individual who resides

in Strasburg, Pennsylvania.

2.      Upon information and belief, Defendant Ubisoft Entertainment is a French corporation with a principal place of business at 107, avenue Henri Fréville, 35207 Rennes Cedex 2, France, and has multiple subsidiaries, including the following (collectively "Defendants Ubisoft"):

a.      Defendant Ubisoft Entertainment Inc. aka Ubisoft Canada, Inc. is a Canadian corporation with a principal place of business at 5505 boul Saint-Laurent, Suite 5000, Montreal H2T 1S6, Quebec, Canada;

b.      Defendant Ubisoft, Inc. is a California corporation with a principal place of business at 625 Third Street, San Francisco, California 94107;

c.      Defendant Ubisoft Entertainment Limited is a United Kingdom corporation with a principal place of business at First Floor Chertsey Gate East, London Street, Chertsey, Surrey KT16 8AP, United Kingdom; and

d.      Defendant Ubisoft Limited is an Ireland corporation with a principal place of business at Upper Pembroke Street 28-32, Dublin, Ireland.

3.      Upon information and belief, Defendant Gametrailers, Corp. ("Defendant Gametrailers") is a Delaware corporation with a principal place of business at 1515 Broadway, New York, New York 10036.

## JURISDICTION AND VENUE

4.     This Court has original and exclusive subject matter jurisdiction of this action under 28 U.S.C.A. § 1338(a) because the action arises under the Copyright Act, 17 U.S.C.A. §§ 101 *et seq.*, and under 28 U.S.C.A. § 1332 since the parties hereto are citizens of different states and the amount in controversy exceeds $75,000.00.

5.     This Court has personal jurisdiction over Defendants Ubisoft Entertainment, Ubisoft Entertainment Inc. aka Ubisoft Canada Inc., Ubisoft Entertainment Limited, and Ubisoft Limited under Federal Rules of Civil Procedure Rule 4(k)(2), because they are not subject to jurisdiction in any state, and exercising jurisdiction is consistent with the United States Constitution and United States laws.

6.     This Court has personal jurisdiction over Defendant Ubisoft, Inc. and Defendant Gametrailers under the Pennsylvania Long-Arm Statute, 42 Pa. C.S.A. § 5322, because they have transacted business in the Middle District of Pennsylvania.

7.     Venue in the Middle District of Pennsylvania is proper pursuant to 28 U.S.C.A. § 1391 because Defendants Ubisoft, Defendant Gametrailers, and their respective parents, subsidiaries, affiliates, agents, successors, and assigns who may also be joined in this action are subject to personal jurisdiction in the Middle District of Pennsylvania; a substantial part of the events or omissions giving rise to this action occurred in the Middle District of Pennsylvania including but not limited

to transacting business within the Commonwealth; and a substantial part of

Plaintiff's copyright protected property that is the subject of the action is situated in

the Middle District of Pennsylvania.

## FACTS

8.      Plaintiff is the original and sole author of <u>Link: a novel</u> ("<u>Link</u>"),

which he created in 2002.

9.      Plaintiff federally secured his rights to the work <u>Link</u> with a

Copyright Registration in the United States Copyright Office. A copy of the U.S.

Copyright Registration No. TX0005696419, dated January 30, 2003, is attached as

Exhibit A.

10.      Plaintiff has been at all times relevant hereto and is the sole owner of

all rights, title, and interest in and to U.S. Copyright Registration No.

TX0005696419.

11.      Since the effective date of his Copyright Registration, Plaintiff has

offered <u>Link</u> for sale to the public, and sold <u>Link</u> online at www.amazon.com,

www.barnesandnoble.com, www.books.google.com,

www.buybooksontheweb.com, www.abebooks.com, www.alibris.com,

www.amazon.co.uk, www.amazon.ca, and www.amazon.fr.

12.     The video game, Assassin's Creed, was released in 2007 by Defendants Ubisoft and is available on the video gaming platforms XBOX 360, PS3, and Windows PC.

13.     The video game, Assassin's Creed II, was released in 2009 by Defendants Ubisoft and is available on the video gaming platforms XBOX 360, PS3, Windows PC, Mac OS X, Symbian, and OnLive.

14.     The video game, Assassin's Creed: Brotherhood, was released in 2010 by Defendants Ubisoft and is available on the video gaming platforms XBOX 360, PS3, Windows PC, Mac OS X, Symbian, and OnLive.

15.     The video game, Assassin's Creed: Revelations, was released in 2011 by Defendants Ubisoft and is available on the video gaming platforms XBOX 360, PS3, Windows PC, Android, Symbian, and OnLive.

16.      "Assassin's Creed II: The Complete Official Guide," was released in 2009 by Defendants Ubisoft in two editions, regular and collector's editions.

17.     "Assassin's Creed Brotherhood: The Complete Official Guide," was released in 2010 by Defendants Ubisoft in two editions, regular and collector's editions.

18.     "Assassin's Creed Revelations: The Complete Official Guide," was released in 2011 by Defendants Ubisoft in two editions, regular and collector's editions.

19.    "Assassin's Creed Encyclopedia," was released in 2011 by Defendants Ubisoft in two editions, black and white collector's editions.

20.    The Assassin's Creed comic book series was created by DC Comics and transferred to Defendants Ubisoft. See attached Exhibit B. The series includes the following:

a.    "Assassin's Creed: The Fall, Issue #1," released by Defendants Ubisoft in 2010.

b.    "Assassin's Creed: The Fall, Issue #2," released by Defendants Ubisoft in 2010.

c.    "Assassin's Creed: The Fall, Issue #3," released by Defendants Ubisoft in 2011.

d.    "Assassin's Creed: The Deluxe Version," which contains all three issues plus bonus material, released by Defendants Ubisoft in 2011.

21.    The video game trailer, "PlayStation Home Space Trailer," based on the Assassin's Creed video game series, was released in 2010 by Defendant Gametrailers.

22.    The video game trailer, "Game Trailers: 420, Assassin's Creed Revelations" based on the Assassin's Creed video game series, was released by Defendant Gametrailers in 2007. The U.S. Copyright Registration No. PA0001769871is attached as Exhibit C.

23.    In <u>Link</u>, the Plaintiff's plot includes the conception and creation of a device and process whereby ancestral memories can be accessed, recalled, relived, and re-experienced by the user.

24.    Plaintiff describes the Link device and Link lab, which is an integral part of the novel's plot and setting, on at least pages 100-101 of <u>Link</u>:

> "The Link is no longer a hand-gripped device." Allen picked up an assembly from the small table behind the revised dentist chair now used during the Link experiments. The video monitor was now on gimbals, hanging from the ceiling so that it could be comfortably positioned in front of the test subject and yet viewed easily by those monitoring the test. "We place this device around Anna's biceps, just above the joint. As you can see, it looks very much like a blood-pressure cuff, except that facing the meaty part of her arm is this one-inch diameter, donut-shaped ring," Allen continued. "In the ring we have incorporated all of the sensors we had in the hand-gripped Link." Allen picked up a bundled cable, with an overall diameter of about three-fourths of an inch, including a high-pressure hose, two twisted pairs of wires and a thin, white, coaxial cable. "At the center of the ring," he said, "we attach this special terminator, which is a gold-plated high pressure nozzle. The metal nozzle is held by the cuff tightly against the arm, making a good electrical and hydraulic connection." "Attached to Anna's other arm, at the wrist, is still a standard grounding strap.  The ten-volt pulse is applied between the grounding strap and the nozzle. Power to the Link circuit is supplied by one twisted pair, and the data received from Anna's particle is carried by the coax to the recording equipment over there," he finished, pointing to an impressive array at a test station against the wall directly behind the chair, adjacent to the door.

25.    Plaintiff makes references to assassins and assassinations in regards to

the Link device and process throughout Link:

> "If John Wilkes Booth fathered a child after he assassinated Lincoln,
> and we found a descendant alive today, we could place Booth at the
> scene and perhaps smell the gunpowder." "Ancestral memories?" "As
> far back as you want," on page 290 of Link.

> "The driver paused, then explained. "The U.S. Government has just
> been contacted by the Israeli prime minister. Most of his cabinet
> members have been assassinated during a cabinet meeting. The
> assassins missed him, and his security people caught one of the
> perpetrators," on page 294 of Link.

> The Israeli official glared as the vice president. "*Fool,*" he thought.
> "We used our memory-recall technology and almost killed him. He
> will not cooperate," he said with his voice rising in pitch. "Your
> technology [Link] can extract from him what we want even if he is in
> a coma," he shouted, on page 298 of Link.

> "I have given much thought to this. I know the very stability of our
> government is at stake. We must find who was behind the mass
> assassination, but if the Search International process is in our hands,
> in the hands of any government, it will lead to great evils," on page
> 309 of Link.

26.    Plaintiff  describes the Bio-synchronizer, which is integral to the

novel's plot, on at least pages 181-182 of Link:

> George pulled from a large anti-static bag what looked like a
> white plastic horseshoe, with a fine coil of wire exposed,
> wrapped about its midsection.  "I propose that we place this
> device around the neck of the subject with the coil positioned
> toward the back.  It uses, essentially, the electronics of a Link to
> pick up the frequency of the pulses from the locus ceruleus, so
> that it can be synchronized with the triggering pulse we apply
> between the Link on the arm and the grounding strap on the
> opposite wrist." "George," asked LaShauna, "what does your

device do - in simple language?" "Okay, in simple language, instead of one percept each time we trigger a cell, or a series of percepts in stroboscopic fashion when we trigger a pulse every so many seconds . . ." ". . . we'll experience a full memory in perfect synchronization with the brain," finished Anna.

27.     The Assassin's Creed video game series' plot is based on the Animus and Animus 2.0 device and process, through which the user accesses, relives, and re-experiences the memories of the user's ancestor stored in the user's DNA.

28.     Characters in <u>Link</u> talk in first person when recounting ancestral memories after using the Link device because the memories are so life-like. Plaintiff describes the character Anna's recounting on at least pages 65-66 of <u>Link</u>:

"Oh, yes," she said sweetly. "I always cry at weddings." "At weddings?" Allen repeated. "My grandmother's. I just saw my grandfather waiting for me … that is, for my grandmother as she walked down the aisle. It was a grand scene. The first thing which caught my eye was the narrow white carpet that stretched in front of me past the rows of pews and guests to my soon-to-be husband and his best man, standing on the right side of the aisle beyond the pews. My … grandfather was dressed in a black cut-away tuxedo coat with pin-striped pants and white spats."

29.     One user of the Link device recounted Jesus speaking directly to him while he was accessing ancestral memories. Plaintiff describes the character Dr. Matthias ben Charash's recounting on at least page 253 of <u>Link</u>:

"Then … Jesus … turned to me … and said, 'If you do not believe in me, then believe on the evidence of the miracles.'" Charash broke down and began to sob. Anna said to him "Jesus

was looking at your ancestor, Matthias. Not at you." "Oh, no," he responded. "I could see in His eyes He was aware that I too was watching Him through the eyes of my ancestor. He was speaking to me!"

30.     The characters in <u>Link</u> conducted a test on pages 299-303 in <u>Link</u> which resulted in the discovery that a fetus is a baby at forty-two days. Plaintiff describes the character Jennifer's realization that memories are passed on to their children at conception on pages 325-326 of Link:

> "Jennifer, what are you thinking?" asked George. "They killed Carlos to destroy his memory of the formula," she said," but they didn't, and they're going to realize they didn't, and they're going to try and kill my baby." "What are you saying"" asked George. "You've proven that children have the memories of their parents, and they know Search's technology can get the children to recall them."

31.     In <u>Link</u>, there are spiritual and biblical tones, with references made to Jesus and God, the Garden of Eden, and forbidden fruit.

32.     In the Assassin's Creed video game series and books, there are spiritual and biblical tones, with references made to various Gods, Adam and Eve, and relics called Pieces of Eden.

33.     In <u>Link</u>, characters experience notable and accurate historical moments through their ancestors' memories; this is a major plotline of <u>Link</u>.

34.     In the Assassin's Creed video game series, characters experience various historically accurate times in history through their ancestor's memories; this is a major plotline of the Assassin's Creed video games and books.

35.     A recurring theme in <u>Link</u> is the battle between good and evil; in <u>Link</u>, Med Diagnostics plans to steal and use the Link technology to its benefit; and governmental entities try to get Search International to use the Link device and process to interrogate "assassins" and their families.

36.     A recurring theme in the Assassin's Creed video games and books is a battle between good and evil; in the Assassin's Creed video game series, Abstergo Industries uses the Animus technology to interrogate Desmond to try and find other assassins.

37.     Throughout <u>Link</u>, the phrases "ancestral memories," "link," "synchronize," and "assassins," and similar variations thereof, are used.

38.     Throughout the Assassin's Creed video games, videos, and books, the phrases "genetic memories of ancestors," "link," "synchronize," and "assassins," and similar variations thereof, are used.

### COUNT I: COPYRIGHT INFRINGEMENT
### ASSASSIN'S CREED
#### (Beiswenger v. Defendants Ubisoft)

39.     Paragraphs 1 – 38 of this Complaint are incorporated herein by reference as if set out at length.

40.     <u>Link: a novel</u>, written by John L. Beiswenger, is an original work of authorship and registered with the United States Copyright Office. A copy of the

U.S. Copyright Registration No. TX0005696419, dated January 30, 2003, is attached as Exhibit A.

41.     Defendants Ubisoft had access to <u>Link</u> through its availability and distribution via online bookstores in the United States, the United Kingdom, Canada, and France.

42.     The Assassin's Creed video game introduces the Animus device and process; the characters describe the Animus as a device and process that allows the user to access, recall, relive, and reexperience ancestral memories stored in the DNA in vivid detail.

43.     A major plotline of Assassin's Creed is based on the access of ancestral memories via the Animus.

44.     Another major plotline is the introduction of Abstergo Industries and the Templars verses the Assassins in a good vs. evil theme.

45.     In the Assassin's Creed video game, characters access ancestral memories of historically accurate persons, events and times.

46.     In the Assassin's Creed video game, characters encounter biblical and spiritual plotlines such as Gods, Adam and Eve and Pieces of Eden.

47.     In the Assassin's Creed video game, characters frequently use the words "genetic memories," "ancestors," "link," "synchronize," and "assassins," and variations thereof, when describing the Animus device and process.

48.     Plaintiff did not authorize the copying of <u>Link</u> by Defendants Ubisoft.

49.     Defendants Ubisoft have incurred financial gain from Assassin's Creed.

50.     By the foregoing acts, Defendants Ubisoft have directly copied, and directly and contributorily infringed on the whole of Plaintiff's copyrighted work, violating his exclusive rights, provided in 17 U.S.C.A. § 106, 501.

51.     Plaintiff cannot know the full extent of infringement without discovery.

52.     As a result of the foregoing, Plaintiff has been damaged in an amount not less than $90,000.00, based on three instances of infringement, see Paragraph 12, at $30,000.00 each, per 17 U.S.C.A. § 504 (c)(1).

53.     In the alternative, Defendants Ubisoft willfully infringed under 17 U.S.C.A. §504 (c)(2)  because they knew <u>Link</u> existed and copied a substantial portion of the copyrighted work.

54.     In the alternative, Plaintiff has been damaged in an amount not less than $450,000.00, based on three instances of infringement, see Paragraph 12, at $150,000.00 each, per 17 U.S.C.A. § 504 (c)(2).

WHEREFORE, Plaintiff John L. Beiswenger, respectfully requests judgment in favor of Plaintiff and against Defendants Ubisoft in the sum of Ninety Thousand ($90,000.00) Dollars, or in the alternative of willful infringement the sum

of Four-Hundred Fifty Thousand ($450,000.00) Dollars, together with legal fees

and expenses as they accrue, interest, and injunctive relief prohibiting further

infringement by Defendants, and any other relief the court deems appropriate and

just.

**COUNT II: COPYRIGHT INFRINGEMENT
ASSASSIN'S CREED II
(Beiswenger v. Defendants Ubisoft)**

55.     Paragraphs 1 – 54 of this Complaint are incorporated herein by

reference as if set out at length.

56.     Link: a novel, written by John L. Beiswenger, is an original work of

authorship and registered with the United States Copyright Office. A copy of the

U.S. Copyright Registration No. TX0005696419, dated January 30, 2003, is

attached as Exhibit A.

57.     Defendants Ubisoft had access to Link through its availability and

distribution via online bookstores in the United States, the United Kingdom,

Canada, and France.

58.     In the Assassin's Creed II video game, the Animus 2.0 device and lab

is introduced. See attached Exhibit D.

59.     In Assassin's Creed II, the Animus 2.0 device and lab in the

Assassin's Creed video game series appears as a dentist-type contour reclining chair

that has a blood-pressure type cuff that surrounds the user's right arm, and a

grounding strap on the left arm; coaxial cables stemming from the chair to an impressive computer station (which can be seen against a wall and adjacent to the door); and in front of the chair are video monitors on gimbals, hanging from the ceilings.  See attached Exhibit D.

60.     This representation is substantially similar to the previously stated excerpt from <u>Link</u> in Paragraph 24.

61.     The Animus 2.0 uses a visor-like device placed behind the subject's neck and head that measures the synchronizations of the ancestral memories. See attached Exhibit D.

62.     This representation is substantially similar to the previously stated excerpt from <u>Link</u> in Paragraph 26.

63.     In Assassin's Creed II, characters Lucy and Shaun discuss the difficulty of using the Animus 2.0 with a pregnant woman because memories of both the father and mother from the fetus interfere.

64.     This dialogue is substantially similar to the <u>Link</u> excerpt stated in Paragraph 30.

65.     A major plotline of Assassin's Creed II is based on the access of ancestral memories via the Animus 2.0.

66.     Another major plotline is the introduction of Abstergo Industries and Templars verses the Assassins in a good vs. evil theme.

67.     In the Assassin's Creed II video game, characters access ancestral memories of historically accurate persons, events and times.

68.     In the Assassin's Creed II video game, characters encounter biblical and spiritual plotlines such as Gods, Adam and Eve and Pieces of Eden.

69.     In the Assassin's Creed II video game, characters frequently use the words "genetic memories," "ancestors," "link," "synchronize," and "assassins," and variations thereof, when describing the Animus 2.0 device and process.

70.     Plaintiff did not authorize the copying of <u>Link</u> by Defendants Ubisoft.

71.     Defendants Ubisoft have incurred financial gain from Assassin's Creed II.

72.     By the foregoing acts, Defendants Ubisoft have directly copied, and directly and contributorily infringed on the whole of Plaintiff's copyrighted work, violating his exclusive rights, provided in 17 U.S.C.A. § 106, 501.

73.     Plaintiff cannot know the full extent of infringement without discovery.

74.     As a result of the foregoing, Plaintiff has been damaged in an amount not less than $180,000.00, based on six instances of infringement, see Paragraph 13, at $30,000.00 each, per 17 U.S.C.A. § 504 (c)(1).

75.     In the alternative, Defendants Ubisoft willfully infringed under 17 U.S.C.A. §504 (c)(2)  because they knew <u>Link</u> existed and copied a substantial portion of the copyrighted work.

76.     In the alternative, Plaintiff has been damaged in an amount not less than $900,000.00, based on six instances of infringement, see Paragraph 13, at $150,000.00 each, per 17 U.S.C.A. § 504 (c)(2).

WHEREFORE, Plaintiff John L. Beiswenger, respectfully requests judgment in favor of Plaintiff and against Defendants Ubisoft in the sum of One-Hundred Eighty Thousand ($180,000.00) Dollars, and in the alternative of willful infringement, the sum of Nine-Hundred Thousand ($900,000.00) Dollars, together with legal fees and expenses as they accrue, interest, injunctive relief prohibiting further infringement by Defendants, and any other relief the court deems appropriate and just.

### COUNT III: COPYRIGHT INFRINGEMENT
### ASSASSIN'S CREED: BROTHERHOOD
### (Beiswenger v. Defendants Ubisoft)

77.     Paragraphs 1 – 76 of this Complaint are incorporated herein by reference as if set out at length.

78.     <u>Link: a novel</u>, written by John L. Beiswenger, is an original work of authorship and registered with the United States Copyright Office. A copy of the

U.S. Copyright Registration No. TX0005696419, dated January 30, 2003, is attached as Exhibit A.

79.     Defendants Ubisoft had access to <u>Link</u> through its availability and distribution via online bookstores in the United States, the United Kingdom, Canada, and France.

80.     In Assassin's Creed: Brotherhood, the characters use the Animus 2.0 to access, recall, relive, and reexperience ancestral memories stored in the DNA.

81.     In Assassin's Creed: Brotherhood, the Animus 2.0 lab is recreated in Italy. See attached Exhibit E.

82.     In Assassin's Creed: Brotherhood, the character Desmond speaks in first person when recounting ancestral memories that he experienced in the Animus 2.0.

83.     This dialogue is substantially similar to the <u>Link</u> excerpt stated in Paragraph 28.

84.     In Assassin's Creed: Brotherhood, the goddess Minerva and gods Juno and Jupiter speak directly to the character Desmond through his ancestor.

85.     This dialogue is substantially similar to the <u>Link</u> excerpt stated in Paragraph 29.

86.     A major plotline of Assassin's Creed: Brotherhood is based on the access of ancestral memories via the Animus 2.0.

87.     Another major plotline is the introduction of Abstergo and Templars verses the Assassins in a good vs. evil theme.

88.     In the Assassin's Creed: Brotherhood video game, characters access ancestral memories of historically accurate persons, events, and times.

89.     In the Assassin's Creed: Brotherhood video game, characters encounter biblical and spiritual plotlines such as Gods, Adam and Eve, and Pieces of Eden.

90.     In the Assassin's Creed: Brotherhood video game, characters frequently use the words "genetic memories," "ancestors," "link," "synchronize," and "assassins," and variations thereof, when describing the Animus 2.0 device and process.

91.     Plaintiff did not authorize the copying of <u>Link</u> by Defendants Ubisoft.

92.     Defendants Ubisoft have incurred financial gain from Assassin's Creed: Brotherhood.

93.     By the foregoing acts, Defendants Ubisoft have directly copied, and directly and contributorily infringed on the whole of Plaintiff's copyrighted work, violating his exclusive rights, provided in 17 U.S.C.A. § 106, 501.

94.     Plaintiff cannot know the full extent of infringement without discovery.

95.     As a result of the foregoing, Plaintiff has been damaged in an amount not less than $180,000.00, based on six instances of infringement, see Paragraph 14, at $30,000.00 each, per 17 U.S.C.A. § 504 (c)(1).

96.     In the alternative, Defendants Ubisoft willfully infringed under 17 U.S.C.A. §504 (c)(2)  because they knew <u>Link</u> existed and copied a substantial portion of the copyrighted work.

97.     In the alternative, Plaintiff has been damaged in an amount not less than $900,000.00, based on six instances of infringement, see Paragraph 14, at $150,000.00 each, per 17 U.S.C.A. § 504 (c)(2).

WHEREFORE, Plaintiff John L. Beiswenger, respectfully requests judgment in favor of Plaintiff and against Defendants Ubisoft in the sum of One Hundred Eighty Thousand ($180,000.00) Dollars, and in the alternative of willful infringement, the sum of Nine Hundred Thousand ($900,000.00) Dollars, together with legal fees and expenses as they accrue, interest, injunctive relief prohibiting further infringement by Defendants, and any other relief the court deems appropriate and just.

## COUNT IV: COPYRIGHT INFRINGEMENT
## ASSASSIN'S CREED: REVELATIONS
### (Beiswenger v. Defendant Ubisoft)

98.     Paragraphs 1 – 97 of this Complaint are incorporated herein by reference as if set out at length.

99.    Link: a novel, written by John L. Beiswenger, is an original work of authorship and registered with the United States Copyright Office. A copy of the U.S. Copyright Registration No. TX0005696419, dated January 30, 2003, is attached as Exhibit A.

100.    Defendants Ubisoft had access to Link through its availability and distribution via online bookstores in the United States, the United Kingdom, Canada, and France.

101.    In Assassin's Creed: Revelations, the characters use the Animus 2.0 to access, recall, relive, and reexperience ancestral memories stored in the DNA.

102.    A major plotline of Assassin's Creed: Revelations is based on the access of ancestral memories via the Animus 2.0.

103.    Another major plotline is the introduction of Abstergo Industries and the Templars verses the Assassins in a good vs. evil theme.

104.    In the Assassin's Creed: Revelations video game, characters access ancestral memories of historically accurate persons, events, and times.

105.    In the Assassin's Creed: Revelations video game, characters encounter biblical and spiritual plotlines such as Gods, Adam and Eve, and Pieces of Eden.

106.    In the Assassin's Creed: Revelations video game, characters frequently use the words "genetic memories," "ancestors," "link," "synchronize," and variations thereof when describing the Animus 2.0 device and process.

107.    Plaintiff did not authorize the copying of <u>Link</u> by Defendants Ubisoft.

108.    Defendants Ubisoft have incurred financial gain from Assassin's Creed: Revelations.

109.    By the foregoing acts, Defendants Ubisoft have directly copied, and directly and contributorily infringed on the whole of Plaintiff's copyrighted work, violating his exclusive rights, provided in 17 U.S.C.A. § 106, 501.

110.    Plaintiff cannot know the full extent of infringement without discovery.

111.    As a result of the foregoing, Plaintiff has been damaged in an amount not less than $180,000.00, based on six instances of infringement, see Paragraph 15, at $30,000.00 each, per 17 U.S.C.A. § 504 (c)(1).

112.    In the alternative, Defendants Ubisoft willfully infringed under 17 U.S.C.A. §504 (c)(2)  because they knew <u>Link</u> existed and copied a substantial portion of the copyrighted work.

113.    In the alternative, Plaintiff has been damaged in an amount not less than $900,000.00, based on six instances of infringement, see Paragraph 15, at $150,000.00 each, per 17 U.S.C.A. § 504 (c)(2).

WHEREFORE, Plaintiff John L. Beiswenger, respectfully requests judgment in favor of Plaintiff and against Defendants Ubisoft in the sum of One-Hundred Eighty Thousand ($180,000.00) Dollars, and in the alternative of willful infringement, the sum of Nine-Hundred Thousand ($900,000.00) Dollars, together with legal fees and expenses as they accrue, interest, injunctive relief prohibiting further infringement of Defendants, and any other relief the court deems appropriate and just.

**COUNT V: COPYRIGHT INFRINGEMENT**
**"ASSASSIN'S CREED II: THE COMPLETE OFFICIAL GUIDE"**
**(Beiswenger v. Defendants Ubisoft)**

114.   Paragraphs 1 – 113 of this Complaint are incorporated herein by reference as if set out at length.

115.   Link: a novel, written by John L. Beiswenger, is an original work of authorship and registered with the United States Copyright Office. A copy of the U.S. Copyright Registration No. TX0005696419, dated January 30, 2003, is attached as Exhibit A.

116.   Defendants Ubisoft had access to Link through its availability and distribution via online bookstores in the United States, the United Kingdom, Canada, and France.

117.   "Assassin's Creed II: The Complete Official Guide," contains images, plotlines, and other recreations of the Assassin's Creed II video game.

118.   Upon information and belief, said images include images of the Animus 2.0.

119.   Upon information and belief, said images include images of the Animus 2.0 lab.

120.   Upon information and belief, said recreation of the plotline includes detailed reference to the Animus 2.0, retrieving and reliving ancestral memories, and historical, biblical and spiritual references as seen in the video game.

121.   Plaintiff did not authorize the copying of Link by Defendants Ubisoft.

122.   Defendants Ubisoft have incurred financial gain from "Assassin's Creed II: The Complete Official Guide."

123.   By the foregoing acts, Defendants Ubisoft have directly copied, and directly and contributorily infringed on the whole of Plaintiff's copyrighted work, violating his exclusive rights, provided in 17 U.S.C.A. § 106, 501.

124.   Plaintiff cannot know the full extent of infringement without discovery.

125.   As a result of the foregoing, Plaintiff has been damaged in an amount not less than $60,000.00, based on two instances of infringement, see Paragraph 16, at $30,000.00 each, per 17 U.S.C.A. § 504 (c)(1).

126.   In the alternative, Defendants Ubisoft willfully infringed under 17 U.S.C.A. §504 (c)(2)  because they knew <u>Link</u> existed and copied a substantial portion of the copyrighted work.

127.   In the alternative, Plaintiff has been damaged in an amount not less than $300,000.00, based on two instances of infringement, see Paragraph 16, at $150,000.00 each, per 17 U.S.C.A. § 504 (c)(2).

WHEREFORE, Plaintiff John L. Beiswenger, respectfully requests judgment in favor of Plaintiff and against Defendants Ubisoft in the sum of Sixty Thousand ($60,000.00) Dollars, and in the alternative of willful infringement, the sum of Three-Hundred Thousand ($300,000.00) Dollars, together with legal fees and expenses as they accrue, interest, injunctive relief prohibiting further infringement by Defendants, and any other relief the court deems appropriate and just.

### COUNT VI: COPYRIGHT INFRINGEMENT
### "ASSASSIN'S CREED BROTHERHOOD:
### THE COMPLETE OFFICIAL GUIDE"
### (Beiswenger v. Defendants Ubisoft)

128.   Paragraphs 1 – 127 of this Complaint are incorporated herein by reference as if set out at length.

129.   <u>Link: a novel</u>, written by John L. Beiswenger, is an original work of authorship and registered with the United States Copyright Office. A copy of the

U.S. Copyright Registration No. TX0005696419, dated January 30, 2003, is attached as Exhibit A.

130.    Defendants Ubisoft had access to <u>Link</u> through its availability and distribution via online bookstores in the United States, the United Kingdom, Canada, and France.

131.    "Assassin's Creed Brotherhood: The Complete Official Guide," contains images, plotline, and other recreations of the Assassin's Creed Brotherhood video game.

132.    Said images include images of the Animus 2.0 with synchronization. See attached Exhibit F.

133.    Said images include images of the Animus 2.0 lab recreated in Italy. See attached Exhibit F.

134.    Said recreation of the plotline includes reference to the Animus 2.0, retrieving and reliving ancestral memories, and historical, biblical and spiritual references as seen in the video game. See attached Exhibit F.

135.    Plaintiff did not authorize the copying of <u>Link</u> by Defendants Ubisoft.

136.    Defendants Ubisoft have incurred financial gain from "Assassin's Creed Brotherhood: The Complete Official Guide."

137.   By the foregoing acts, Defendants Ubisoft have directly copied, and directly and contributorily infringed on the whole of Plaintiff's copyrighted work, violating his exclusive rights, provided in 17 U.S.C.A. § 106, 501.

138.   Plaintiff cannot know the full extent of infringement without discovery.

139.   As a result of the foregoing, Plaintiff has been damaged in an amount not less than $60,000.00, based on two instances of infringement, see Paragraph 17, at $30,000.00 each, per 17 U.S.C.A. § 504 (c)(1).

140.   In the alternative, Defendants Ubisoft willfully infringed under 17 U.S.C.A. §504 (c)(2)  because they knew Link existed and copied a substantial portion of the copyrighted work.

141.   In the alternative, Plaintiff has been damaged in an amount not less than $300,000.00, based on two instances of infringement, see Paragraph 17, at $150,000.00 each, per 17 U.S.C.A. § 504 (c)(2).

WHEREFORE, Plaintiff John L. Beiswenger, respectfully requests judgment in favor of Plaintiff and against Defendants Ubisoft in the sum of Sixty Thousand ($60,000.00) Dollars, and in the alternative of willful infringement, the sum of Three-Hundred Thousand ($300,000.00) Dollars, together with legal fees and expenses as they accrue, interest, injunctive relief prohibiting further

infringement by Defendants, and any other relief the court deems appropriate and just.

### COUNT VII: COPYRIGHT INFRINGEMENT
### "ASSASSIN'S CREED REVELATIONS:
### THE COMPLETE OFFICIAL GUIDE"
### (Beiswenger v. Defendants Ubisoft)

142.    Paragraphs 1 – 141 of this Complaint are incorporated herein by reference as if set out at length.

143.    Link: a novel, written by John L. Beiswenger, is an original work of authorship and registered with the United States Copyright Office. A copy of the U.S. Copyright Registration No. TX0005696419, dated January 30, 2003, is attached as Exhibit A.

144.    Defendants Ubisoft had access to Link through its availability and distribution via online bookstores in the United States, the United Kingdom, Canada, and France.

145.    "Assassin's Creed Revelations: The Complete Official Guide," contains images, plotline, and other recreations of the Assassin's Creed Revelations video game.

146.    Upon information and belief, said images include images of the Animus 2.0.

147.    Upon information and belief, said images include images of the Animus 2.0 lab.

148.    Upon information and belief, said recreation of the plotline includes reference to the Animus 2.0, retrieving and reliving ancestral memories, and historical references as seen in the video game.

149.    Plaintiff did not authorize the copying of <u>Link</u> by Defendants Ubisoft.

150.    Defendants Ubisoft have incurred financial gain from "Assassin's Creed Revelations: The Complete Official Guide."

151.    By the foregoing acts, Defendants Ubisoft have directly copied, and directly and contributorily infringed on the whole of Plaintiff's copyrighted work, violating his exclusive rights, provided in 17 U.S.C.A. § 106, 501.

152.    Plaintiff cannot know the full extent of infringement without discovery.

153.    As a result of the foregoing, Plaintiff has been damaged in an amount not less than $60,000.00, based on two instances of infringement, see Paragraph 18, at $30,000.00 each, per 17 U.S.C.A. § 504 (c)(1).

154.    In the alternative, Defendants Ubisoft willfully infringed under 17 U.S.C.A. §504 (c)(2)  because they knew <u>Link</u> existed and intentionally copied a substantial portion of the copyrighted work.

155.    In the alternative, Plaintiff has been damaged in an amount not less than $300,000.00, based on two instances of infringement, see Paragraph 18, at $150,000.00 each, per 17 U.S.C.A. § 504 (c)(2).

WHEREFORE, Plaintiff John L. Beiswenger, respectfully requests judgment in favor of Plaintiff and against Defendants Ubisoft in the sum of Sixty Thousand ($60,000.00) Dollars, and in the alternative of willful infringement, the sum of Three-Hundred Thousand ($300,000.00) Dollars, together with legal fees and expenses as they accrue, interest, injunctive relief prohibiting further infringement by Defendants, and any other relief the court deems appropriate and just.

### COUNT VIII: COPYRIGHT INFRINGEMENT
### "ASSASSIN'S CREED: ENCYCLOPEDIA"
### (Beiswenger v. Defendants Ubisoft)

156.   Paragraphs 1 – 155 of this Complaint are incorporated herein by reference as if set out at length.

157.   Link: a novel, written by John L. Beiswenger, is an original work of authorship and registered with the United States Copyright Office. A copy of the U.S. Copyright Registration No. TX0005696419, dated January 30, 2003, is attached as Exhibit A.

158.   Defendants Ubisoft had access to Link through its availability and distribution via online bookstores in the United States, the United Kingdom, Canada, and France.

159.   "Assassin's Creed: Encyclopedia," contains images, plotline, and other recreations of the Assassin's Creed video games.

160.    Upon information and belief, said images include images of the Animus 2.0.

161.    Upon information and belief, said images include images of the Animus 2.0 lab.

162.    Upon information and belief, said recreation of the plotline includes detailed reference to the Animus 2.0, retrieving and reliving ancestral memories, and historical and spiritual references as seen in the video games.

163.    Plaintiff did not authorize the copying of Link by Defendants Ubisoft.

164.    Defendants Ubisoft have incurred financial gain from "Assassin's Creed: Encyclopedia."

165.    By the foregoing acts, Defendants Ubisoft have directly copied, and directly and contributorily infringed on the whole of Plaintiff's copyrighted work, violating his exclusive rights, provided in 17 U.S.C.A. § 106, 501.

166.    Plaintiff cannot know the full extent of infringement without discovery.

167.    As a result of the foregoing, Plaintiff has been damaged in an amount not less than $60,000.00, based on two instances of infringement, see Paragraph 19, at $30,000.00 each, per 17 U.S.C.A. § 504 (c)(1).

168.   In the alternative, Defendants Ubisoft willfully infringed under 17 U.S.C.A. §504 (c)(2)  because they knew <u>Link</u> existed and intentionally copied a substantial portion of the copyrighted work.

169.   In the alternative, Plaintiff has been damaged in an amount not less than $300,000.00, based on two instances of infringement, see Paragraph 19, at $150,000.00 each, per 17 U.S.C.A. § 504 (c)(2).

WHEREFORE, Plaintiff John L. Beiswenger, respectfully requests judgment in favor of Plaintiff and against Defendants Ubisoft in the sum of Sixty Thousand ($60,000.00) Dollars, and in the alternative of willful infringement, the sum of Three-Hundred Thousand ($300,000.00) Dollars, together with legal fees and expenses as they accrue, interest, injunctive relief prohibiting further infringement by Defendants, and any other relief the court deems appropriate and just.

## COUNT IX: COPYRIGHT INFRINGEMENT
### "ASSASSIN'S CREED: THE FALL, ISSUES #1, #2, #3 AND DELUXE"
### (Beiswenger v. Defendants Ubisoft)

170.    Paragraphs 1 – 169 of this Complaint are incorporated herein by reference as if set out at length.

171.   <u>Link: a novel</u>, written by John L. Beiswenger, is an original work of authorship and registered with the United States Copyright Office. A copy of the

U.S. Copyright Registration No. TX0005696419, dated January 30, 2003, is attached as Exhibit A.

172.   Defendants Ubisoft had access to <u>Link</u> through its availability and distribution via online bookstores in the United States, the United Kingdom, Canada, and France.

173.   "Assassin's Creed: The Fall, Issue #1, #2, #3 and Deluxe" is based on the Assassin's Creed video game series.

174.   In "Assassin's Creed: The Fall, Issue #1," the character Daniel Cross receives an injection that causes him to access, recall, relive, and re-experience ancestral memories.

175.   In "Assassin's Creed: The Fall, Issue #2," the character Daniel Cross accesses, recalls, relives, and re-experiences ancestral memories.

176.   In "Assassin's Creed: The Fall, Issue #3," the character Daniel Cross accesses, recalls, relives, and re-experiences ancestral memories; it is revealed that Cross was test subject 4 of an Animus Project at Abstergo Industries; the Animus device is pictured. See attached Exhibit G.

177.   In "Assassin's Creed: The Fall, Deluxe," a character uses the Animus device, whereby the character later has visions and hallucinations of ancestral memories.

178.   A major plotline of "Assassin's Creed: The Fall" is based on the access of ancestral memories via the Animus.

179.   In the "Assassin's Creed: The Fall," characters access ancestral memories of historically accurate persons, events, and times.

180.   Plaintiff did not authorize the copying of <u>Link</u> by Defendants Ubisoft.

181.   Defendants Ubisoft have incurred financial gain from "Assassin's Creed: The Fall Issues #1, #2, #3, and Deluxe."

182.   By the foregoing acts, Defendants Ubisoft have directly copied, and directly and contributorily infringed on the whole of Plaintiff's copyrighted work, violating his exclusive rights, provided in 17 U.S.C.A. § 106, 501.

183.   Plaintiff cannot know the full extent of infringement without discovery.

184.   As a result of the foregoing, Plaintiff has been damaged in an amount not less than $120,000.00, based on four instances of infringement, see Paragraph 20, at $30,000.00 each, per 17 U.S.C.A. § 504 (c)(1).

185.   In the alternative, Defendants Ubisoft willfully infringed under 17 U.S.C.A. §504 (c)(2)  because they knew <u>Link</u> existed and intentionally copied a substantial portion of the copyrighted work.

186.    In the alternative, Plaintiff has been damaged in an amount not less than $600,000.00, based on four instances of infringement, see Paragraph 20, at $150,000.00 each, per 17 U.S.C.A. § 504 (c)(2).

WHEREFORE, Plaintiff John L. Beiswenger, respectfully requests judgment in favor of Plaintiff and against Defendants Ubisoft in the sum of One-Hundred Twenty Thousand ($120,000.00) Dollars, and in the alternative of willful infringement, the sum of Six-Hundred Thousand ($600,000.00) Dollars, together with legal fees and expenses as they accrue, interest, injunctive relieve prohibiting further infringement by Defendants, and any other relief the court deems appropriate and just.

### COUNT X: COPYRIGHT INFRINGEMENT
### "PLAYSTAION HOME SPACE TRAILER"
### (Beiswenger v. Defendant Gametrailers)

187.    Paragraphs 1 – 186 of this Complaint are incorporated herein by reference as if set out at length.

188.    Link: a novel, written by John L. Beiswenger, is an original work of authorship and registered with the United States Copyright Office. A copy of the U.S. Copyright Registration No. TX0005696419, dated January 30, 2003, is attached as Exhibit A.

189.   Defendant Gametrailers had access to <u>Link</u> through its availability and distribution via online bookstores in the United States, the United Kingdom, Canada, and France.

190.   Upon information and belief, Defendant Gametrailers used information and video available through Defendant's Ubisoft in creating "Playstation Home Space Trailer."

191.   In the video game trailer for Assassin's Creed II, "PlayStation Home Space Trailer," Defendant Gametrailers features the Animus 2.0 device and lab where users access ancestral memories. See attached Exhibit H.

192.   Plaintiff did not authorize the copying of <u>Link</u> by Defendant Gametrailers.

193.   Defendant Gametrailers has incurred financial gain from "Playstation Home Space Trailer."

194.   By the foregoing acts, Defendant Gametrailers has directly or indirectly infringed on the whole of Plaintiff's copyright work, and his exclusive rights provided in 17 U.S.C.A. § 106, 501.

195.   Plaintiff cannot know the full extent of infringement without discovery.

196.   As a result of the foregoing, Plaintiff has been damaged in an amount not less than $30,000.00, based on one instance of infringement, see Paragraph 21, at $30,000.00 each, per 17 U.S.C.A. § 504 (c)(1).

197.   In the alternative, Defendant Gametrailers willfully infringed under 17 U.S.C.A. §504 (c)(2)  because they knew <u>Link</u> existed and intentionally copied a substantial portion of the copyrighted work.

198.   In the alternative, Plaintiff has been damaged in an amount not less than $150,000.00, based on one instance of infringement, see Paragraph 21, at $150,000.00 each, per 17 U.S.C.A. § 504 (c)(2).

WHEREFORE, Plaintiff John L. Beiswenger, respectfully requests judgment in favor of Plaintiff and against Defendant Gametrailers in the sum of Thirty Thousand ($30,000.00) Dollars, and in the alternative of willful infringement, the sum of One-Hundred Fifty Thousand ($150,000.00) Dollars, together with legal fees and expenses as they accrue, interest, injunctive relief prohibiting further infringement by Defendants, and any other relief the court deems appropriate and just.

### COUNT XI: COPYRIGHT INFRINGEMENT
### "Game Trailers: 420, Assassin's Creed Revelations"
### (Beiswenger v. Defendant Gametrailers)

199.   Paragraphs 1 – 198 of this Complaint are incorporated herein by reference as if set out at length.

200.   <u>Link: a novel</u>, written by John L. Beiswenger, is an original work of authorship and registered with the United States Copyright Office. A copy of the U.S. Copyright Registration No. TX0005696419, dated January 30, 2003, is attached as Exhibit A.

201.   Defendant Gametrailers had access to <u>Link</u> through its availability and distribution via online bookstores in the United States, the United Kingdom, Canada, and France.

202.   Upon information and belief, Defendant Gametrailers used information and video available through Defendants Ubisoft in creating "Game Trailers: 420, Assassin's Creed Revelations."

203.   In "Game Trailers: 420, Assassin's Creed Revelations," Defendant Gametrailers features the retrieval ancestral memories via the Animus 2.0 device plotline, and the historical, biblical, and spiritual plotlines of Adam and Eve and the Pieces of Eden. See attached Exhibit I.

204.   Plaintiff did not authorize the copying of <u>Link</u> by Defendants Gametrailers.

205.   Defendants Gametrailers have incurred financial gain from "Game Trailers: 420, Assassin's Creed Revelations."

206.   By the foregoing acts, Defendant Gametrailers has directly or indirectly infringed on the whole of Plaintiff's copyright work, and his exclusive rights provided in 17 U.S.C.A. § 106, 501.

207.   Plaintiff cannot know the full extent of infringement without discovery.

208.   As a result of the foregoing, Plaintiff has been damaged in an amount not less than $30,000.00, based on one instance of infringement at $30,000.00 each, per 17 U.S.C.A. § 504 (c)(1).

209.   In the alternative, Defendant Gametrailers willfully infringed under 17 U.S.C.A. §504 (c)(2)  because they knew <u>Link</u> existed and intentionally copied a substantial portion of the copyrighted work.

210.   In the alternative, Plaintiff has been damaged in an amount not less than $150,000.00, based on one instance of infringement, at $150,000.00 each, per 17 U.S.C.A. § 504 (c)(2).

WHEREFORE, Plaintiff John L. Beiswenger, respectfully requests judgment in favor of Plaintiff and against Defendant Gametrailers in the sum of Thirty Thousand (30,000.00) Dollars, and in the alternative of willful infringement, the sum of One-Hundred Fifty Thousand ($150,000.00) Dollars, together with legal fees and expenses as they accrue, interest, injunctive relief prohibiting further

infringement by Defendants, and any other relief the court deems appropriate and just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff John L. Beiswenger respectfully requests:

A.     That injunctive relief be granted preventing and restraining Defendants Ubisoft and Defendant Gametrailers, its officers, agents, servants, employees, and attorneys, and all persons in active participation with any of them from further infringement of Plaintiff's copyright pursuant to 17 U.S.C.A. § 502, including the release of the Assassin's Creed III video games and related books, videos, clips, or other works based on Assassin's Creed III.

B.     That judgment be entered against Defendants Ubisoft and Defendant Gametrailers and in favor of Plaintiff for such statutory damages as Plaintiff has sustained in consequence of Defendants Ubisoft and Defendant Gametrailers infringement of said copyright in an amount no less than the sum of One Million Fifty Thousand ($1,050,000.00) Dollars, in the alternative of willful infringement the sum of Five Million Two-Hundred Fifty Thousand ($5,250,000.00) Dollars pursuant to 17 U.S.C.A. § 504 (c).

C.    That Defendants Ubisoft and Defendant Gametrailers be required to pay Plaintiff the legal fees and expenses of this action as they accrue, along with interest, as provided by 17 U.S.C.A. § 505.

D.    That Plaintiff is awarded all such other and further relief the court deems fair and just in this action.

## JURY DEMAND

Plaintiff John J. Beiswenger demands a trial by jury of issues triable by jury.


THE KELLER LAW FIRM, LLC


Dated: April 16, 2012                  ___/mlg/_____
                                       Kelley Clements Keller, Esq.
                                       Attorney ID VA 76909
                                       kkeller@kellerlaw.net
                                       Meghann L. Garrett, Esq.
                                       Attorney ID PA 306632
                                       mgarrett@kellerlaw.net
                                       401 E. Louther Street, Suite 209
                                       Carlisle, Pennsylvania 17013
                                       Ph: (717) 386-5035
                                       Fx: (800) 971-2979
                                       *Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN L. BEISWENGER** | : | |
| **Plaintiff,** | : | **COMPLAINT FOR** |
| | : | **COPYRIGHT INFRINGEMENT** |
| **v.** | : | |
| | : | |
| **UBISOFT ENTERTAINMENT,** | : | **Case No:** |
| **UBISOFT ENTERTAINMENT** | : | **Judge:** |
| **INC. aka UBISOFT CANADA** | : | |
| **INC., UBISOFT, INC., UBISOFT** | : | |
| **ENTERTAINMENT LIMITED,** | : | |
| **UBISOFT LIMITED, and** | : | |
| **GAMETRAILERS, CORP.** | : | **[JURY TRIAL DEMANDED]** |
| **Defendants** | : | |

## <u>V E R I F I C A T I O N</u>

    The above Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in preparation of this matter.  The language of the Complaint is that of counsel and not of me.  I have read the Complaint and to the extent that the Complaint is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief.  To the extent that the content of the Complaint is that of counsel, I have relied upon counsel in making this verification.  I hereby acknowledge that the facts set forth in the aforesaid Complaint are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

Dated: <u>Apr 16, 2012</u>, 2012

                            *John L. Beiswenger*
                            John L. Beiswenger (Apr 16, 2012)
                            John L. Beiswenger